IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-02475-CMA-NYW

KATIE CORRIGAN,

    Plaintiff,

v.

BOARD OF TRUSTEES OF THE METROPOLITAN STATE UNIVERSITY OF DENVER,
DAVE HADEN, individually and in his official capacity,
BRIAN BAGWELL, individually and in his official capacity,
LYNANN BUTLER, individually and in her official capacity, and
LORI KESTER, individually and in her official capacity,

    Defendants.

---

**ORDER ADOPTING THE APRIL 22, 2020 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE NINA Y. WANG**

---

This matter is before the Court on review of the Recommendation of United States Magistrate Judge (Doc. # 28) ("the Recommendation"), wherein Magistrate Judge Nina Y. Wang recommends that this Court grant Defendants' Motion to Dismiss (Doc. # 23) in its entirety. For the following reasons, Plaintiff Katie Corrigan's objections are overruled, and the Court affirms and adopts the Recommendation.

### I. BACKGROUND

**A.    FACTUAL BACKGROUND**

Judge Wang described the factual background of this case in the

Recommendation (Doc. # 28 at 2–5), which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B) (2018); Fed. R. Civ. P. 72(b). The Court therefore recounts only the facts necessary to address Plaintiff's Objections to the Recommendation.

The following facts are drawn from the Amended Complaint and the documents attached to the Motion to Dismiss.[1] Plaintiff is a student at Metropolitan State University of Denver ("MSU") majoring in Human Services in the Department of Human Services and Counseling ("the Department"). (Doc # 22 at ¶ 8.) In the Fall 2017 semester, Plaintiff obtained a letter from MSU's Access Center documenting accommodations she could receive for her claimed disabilities of depression, attention deficit hyperactivity disorder, and substance addiction. (Doc. # 22 ¶¶ 13–15; Doc. # 23-1.) In that same semester, Plaintiff enrolled in and attended several classes at MSU, including one taught by Defendant Bagwell and another taught by MSU faculty member Deborah Brackney. (Doc. # 22 at ¶¶ 18, 22.)

After a class with Plaintiff on August 29, Ms. Brackney claimed that Plaintiff "had been disruptive in class, constantly interrupting class, and became confrontational after a question was not answered." (*Id.* at ¶ 20.) The next day, after a class with Plaintiff on August 30, Defendant Bagwell filed a report with MSU's CARE team about Plaintiff's disruptive conduct during class. (*Id.* at ¶ 25; Doc. # 23-2.) That report documented Plaintiff's difficulty with staying on point, her constant interruptions of lecture with

---

[1] Plaintiff referenced several documents central to her claims in her Amended Complaint. Defendants subsequently attached undisputed and apparently authentic copies of those documents to their Motion to Dismiss. (Doc. ## 23-1–23-5.) As discussed more fully below, those documents can be considered when evaluating Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

questions and comments, concerns about possible alcohol use, and her laying on her back, blocking access to the door. (Doc. # 23-2.)

Subsequent to Ms. Brackney's and Defendant Haden's reports, the Dean of Students Office sent a letter to Plaintiff on September 1, notifying her that she may have violated MSU's Student Code of Conduct. (Doc. # 23-3.) That letter noted that the possible violation was "[d]isruption or obstruction of teaching . . ." due to her "consistently interrupting other students in multiple classes." (*Id.*) The letter also mandated a meeting with the Dean of Students Office so that Plaintiff could share her perspective about what had happened, discuss the reported incidents and her actions, and review potential consequences and options. (*Id.*) On September 5, Plaintiff met with Defendant Haden, Associate Dean for Student Engagement and Wellness, who told her not to be concerned unless her disruptive behavior continued. (Doc. # 22 at ¶ 33.)

Between September 5 and September 7, Plaintiff continued to attend classes, exercising her accommodations of taking breaks, and sitting and standing as needed. (*Id.* at ¶¶ 33–35.) Following class on September 6, Defendant Bagwell again reported that Plaintiff's classroom behavior was disruptive. (*Id.* at ¶ 40.) On September 7, Plaintiff met with Defendants Bagwell and Haden, and Ms. Lisken Hays from MSU's Access Center, at which time she was counseled to consider withdrawing from classes. (*Id.* at ¶¶ 41–46.) On September 11, Plaintiff again met with Defendants Haden and Bagwell to discuss the conditions for her continued attendance at classes. (*Id.* at ¶ 48.) Also on that date, Defendant Lynan Butler, Chair of the Department, told Defendant Haden that Plaintiff could continue with coursework in the Department only upon completion of

addiction treatment. (*Id.* at ¶ 49.)

On September 12, Plaintiff met once more with Defendant Haden and was told she was being suspended until Summer 2018. (*Id.* at ¶¶ 51–52.) At that meeting, Plaintiff was also given a letter informing her of the suspension for ongoing disruptive behavior, and of the terms for her return to MSU. (*Id.* at ¶ 53; Doc. # 24-4.) One of those terms was attendance at a meeting with the Department's Professional Review Team to ensure she was able to comply with its professional standards. (*Id.*) Plaintiff then appealed Defendant Haden's suspension decision to Defendant Lori Kester, MSU's Associate Vice President of Enrollment Management. (*Id.* at ¶¶ 57–59.) As a result of that appeal, Defendant Haden reduced the sanction of suspension to probation for the duration of Plaintiff's enrollment at MSU. (*Id.* at ¶¶ 59–61; Doc. # 23-5 Ex. E.) None of the terms for Plaintiff's return to MSU were part of the probation. Plaintiff then unsuccessfully appealed the sanction of probation to Defendant Kester. (*Id.* at ¶¶ 62–63.)

**B.     PROCEDURAL HISTORY**

Plaintiff filed the instant lawsuit against all Defendants on August 29, 2019, because she believed MSU's sanctions were due to her disabilities. An Amended Complaint was filed on December 2, 2019. (Doc. # 22.) Plaintiff claims that Defendant Board of Trustees of MSU: (1) violated § 504 of the Rehabilitation Act ("RA") ("Claim 1"); (2) violated Title II of the Americans with Disabilities Act ("ADA") ("Claim 2"); (3) breached its duty of good faith and fair dealing ("Claim 3"); (4) breached its contract with Plaintiff ("Claim 4"); and (5) that Defendants Bagwell, Butler, Haden, and Kester

4

(collectively, "the Individual Defendants"), individually and in their official capacities, violated Plaintiff's Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983 ("Claim 5"). A sixth claim ("Claim 6") did not state a cause of action, but rather requested injunctive relief as a remedy. (Doc. # 22 ¶¶ 74–136.)

On December 16, 2019, Defendants filed the instant Motion, seeking dismissal of Claims 3 through 5 pursuant to Fed. R. Civ. P. 12(b)(1) and Claims 1 through 6 pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. # 23.) On December 17, 2019, the Court referred the Motion to Dismiss to Magistrate Judge Nina Y. Wang. (Doc. # 24.) On January 6, 2020, Plaintiff filed a response to the Motion to Dismiss (Doc. # 25), and on January 21, 2020, Defendants filed a reply to Plaintiff's response (Doc. # 26).

**C.    THE MAGISTRATE JUDGE'S RECOMMENDATION**

In her April 22, 2020 Recommendation, Judge Wang recommends that the Court grant Defendants' Motion to Dismiss in its entirety. (Doc. # 28.) Specifically, Judge Wang recommends dismissal of Claims 3, 4, and 5 (to the extent Plaintiff asserts Claim 5 for money damages against the Individual Defendants in their official capacities) for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Judge Wang further recommends dismissal of Claims 1, 2, the remainder of Claim 5, and Claim 6 for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

On May 6, 2020, Plaintiff filed her objections (Doc. # 29) to Judge Wang's recommendation to dismiss Claims 1, 2, and 5, contending that Judge Wang improperly applied the standard for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff also objects to Judge Wang's recommendation to dismiss Claim 6 on the basis that

dismissal of Claims 1, 2, and 5 is improper. Defendants did not object to the Recommendation or respond to Plaintiff's Objection. For the following reasons, the Court adopts the Recommendation.

## II.  STANDARDS OF REVIEW

### A.  REVIEW OF A RECOMMENDATION

When a magistrate judge issues a Recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Prop. Known As 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).[2]

### B.  FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a

---

[2] The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (Doc. # 28 at 27–28 n. 4.) Plaintiff did not object to Judge Wang's Recommendation to the extent it recommends that the Motion to Dismiss should be granted as to Claims 3 and 4—the claims for breach of duty of good faith and fair dealing, and breach of contract, respectively, and Claim 5—the § 1983 claim—to the extent it is asserted against the Individual Defendants in their official capacities for money damages and to the extent it is premised on the Equal Protection clause of the Fourteenth Amendment. In the absence of a timely objection "the district court may review a [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). After reviewing the Recommendation's findings related to these claims, in addition to applicable portions of the record and relevant legal authority, the Court is satisfied that the Recommendation is sound and not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Accordingly, the Court

subsequent motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausible" means that the plaintiff pled factual content which allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard is not a probability requirement, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). A court need not accept conclusory allegations without supporting factual averments, however. *Southern Disposal, Inc. v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

---

affirms and adopts the Recommendation's findings and conclusions regarding Claims 3 and 4, as well as the Equal Protection claim and official capacity claim for monetary damages in Claim 5.

Generally, only the pleadings themselves can be considered in deciding a Rule 12(b)(6) motion. *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). Notwithstanding the general rule, however, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen*, 287 F.3d at 941). Therefore, "if a defendant attaches to a 12(b)(6) motion materials referred to by the plaintiff and central to his claim, the court has discretion to consider such materials." *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999). If the factual allegations of a complaint contradict a properly considered document attached to a motion to dismiss, then the factual allegations are not well-pleaded, and a court does not have to take them as true. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997).

## III. ANALYSIS

Plaintiff timely objected to Judge Wang's Recommendation to the extent it recommends dismissal of Claims 1 and 2 (ADA and RA claims against MSU); Claim 5 (Fourteenth Amendment due process claim against Individual Defendants pursuant to 42 U.S.C. § 1983); and Claim 6 (injunctive relief). (Doc. # 29 at 3–10.) In her Objection, Plaintiff argues that Judge Wang misapplied the Fed. R. Civ. P. 12(b)(6) standard by considering documents outside of the pleadings. For the following reasons, the Court finds that Plaintiff's arguments are without merit and overrules her objections.

**A.   CLAIMS 1 AND 2 AGAINST MSU FOR VIOLATION OF THE RA AND THE ADA**

Judge Wang recommended that Plaintiff's claims that MSU violated Section 504 of the RA and Title II of the ADA be dismissed because Plaintiff fails to adequately

allege that Defendant MSU discriminated against her solely on the basis of her disability. (Doc. # 28 at 14.) In reaching this conclusion, Judge Wang looked to the well-pleaded allegations of the Amended Complaint and to documents Defendants attached to their Motion to Dismiss, which Plaintiff relied upon in her Amended Complaint. Judge Wang determined that: (1) Plaintiff was sanctioned for her disruptive behavior in the classroom, not for the exercise of her accommodations, and (2) Plaintiff failed to allege facts that Defendants were deliberately indifferent to her federally protected rights as a disabled student.

Plaintiff objects to Judge Wang's conclusions on the grounds that Judge Wang improperly applied the standard for assessing Motions to Dismiss under Fed. R. Civ. P. 12(b)(6). Specifically, Plaintiff contends that, by looking outside the four corners of the Amended Complaint, Judge Wang impermissibly resolved factual disputes that Plaintiff believes are best left for later in the proceedings.

1. <u>Applicable Legal Principles</u>

Courts analyze claims under the RA and ADA together because their substantive legal standards substantially overlap. *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Schs.*, 565 F.3d 1232, 1245 (10th Cir. 2009) (citing *Urban by Urban v. Jefferson Cty. Sch. Dist. R-1*, 89 F.3d 720, 728 (10th Cir. 1996) ("[W]e analyze [plaintiff's] ADA claim by reference to [S]ection 504's standards")).

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination

by any such entity." 42 U.S.C. § 12132 (2018). A "public entity" includes "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(B) (2018); *United States v. Georgia*, 546 U.S. 151, 154 (2006). Courts have recognized three ways to establish a discrimination claim: "(1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *J.V. v. Albuquerque Pub. Schs.*, 813 F.3d 1289, 1295 (10th Cir. 2016). Department of Justice regulations "require public entities to 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability.'" *Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007) (quoting 28 C.F.R. § 35.130(b)(7)).

"The Rehabilitation Act is materially identical to and the model for the ADA," except that it also requires that the services, programs, or activities of the public entity receive federal funding. *Hollonbeck v. U.S. Olympic Comm.*, 513 F.3d 1191, 1194 (10th Cir. 2008) (citing *Powers v. MJB Acquisition Corp.*, 184 F.3d 1147, 1151 (10th Cir. 1999). Given that MSU is a public entity receiving federal funding, the elements of claims asserted under the ADA and RA are effectively the same.

2. Analysis

While it is true that a "court reviewing the sufficiency of a complaint presumes all of [the] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff," *Hall*, 935 F.2d at 1109, it is also true that a court may consider documents outside the pleadings under certain circumstances. *Jacobsen*, 287 F.3d at

941 (citing *GFF Corp.*, 130 F.3d at 1384–85). If such a document contains facts contradicting the allegations of a complaint, a court is no longer required to treat the complaint's allegations as well-pleaded facts that are true. *GFF Corp.*, 130 F.3d at 1385. Without a rule allowing a court the discretion to review facts contained in such submitted documents, "a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied." *Id.*

Such is the case here. As part of their Motion to Dismiss, Defendants submitted copies of several documents[3] that Plaintiff referenced in support of the allegations of her Amended Complaint. Consequently, those documents are considered to be part of the pleadings, and Judge Wang properly considered them while reviewing the Motion to Dismiss. *Id.*

Plaintiff predicates her claim of disability discrimination on one allegation: "[t]he only conduct that resulted in complaints about Plaintiff occurred after September 5, 2017, [and that conduct] was Plaintiff's exercise of her reasonable accommodations." Plaintiff's allegation that the only activity she engaged in after September 5 was the exercise of her accommodations is contradicted by the language of Defendant Haden's letter of September 12: "[w]hile the [classroom disruption] charge initially appeared to be an isolated incident, the behavior has continued."[4] The plain meaning of Defendant Haden's words is that the disruptive behavior described in earlier documents—

---

[3] Plaintiff did not question the authenticity of these documents and they are central to her claims. *Alvarado*, 493 F.3d at 1215.

[4] Plaintiff's allegations rely upon information in this document and Defendants correctly attached it to their Motion to Dismiss.

11

interruptions, excessive questions, discussions with classmates about her substance addiction—continued after September 5. Plaintiff does not dispute that she engaged in the conduct outlined in Defendant Haden's letter; instead, she contends that the conduct was rooted in the exercise of her reasonable accommodations. However, even if these disruptions are ultimately rooted in accommodated disabilities, schools are not required to overlook "misconduct, even if that misconduct resulted from . . . disability." *Profita v. Regents of the Univ. of Colo.*, 709 Fed. Appx. 917, 920–21 (10th Cir. 2017); *Halpern v. Wake Forest Univ. Health Scis.*, 669 F.3d 454, 465 (4th Cir. 2012) ("[t]he law does not require the school to ignore misconduct that has occurred because the student subsequently asserts it was the result of a disability.").

Judge Wang was not required to take Plaintiff's allegation of discrimination on the basis of disability as a well-pleaded fact that is true because there is a clear contradiction between Plaintiff's allegation and Defendant Haden's September 12 letter. *GFF Corp.*, 130 F.3d at 1385. Absent any other factual support for the allegation that sanctions were rooted in Plaintiff's exercise of her reasonable accommodations, the Court cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Accordingly, the Court affirms Judge Wang's conclusion that Plaintiff failed to adequately allege facts to support discrimination by Defendants under the RA and ADA.

B.   **CLAIM 5 AGAINST INDIVIDUAL DEFENDANTS—DUE PROCESS CLAUSE VIOLATION PURSUANT TO 42 U.S.C. § 1983**

Judge Wang recommended that Plaintiff's § 1983 claim against the Individual Defendants for violation of the Due Process Clause of the Fourteenth Amendment be

dismissed. Plaintiff objects to the Recommendation on the basis that Judge Wang improperly applied the standard for assessing Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, Plaintiff argues that Judge Wang improperly made factual determinations that resulted in the misapplication of the doctrine of qualified immunity.[5]

1. Applicable Legal Principles

Qualified immunity "is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation.'" *Iqbal*, 556 U.S. at 672 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Public officials are entitled to qualified immunity "in civil actions that are brought against them in their individual capacities and that arise out of the performance of their duties." *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 864 (10th Cir. 2016) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1227 (10th Cir. 2013)). Qualified immunity helps to ensure that "public employees who are just doing their jobs are generally immune from suit." *Lewis v. Tripp*, 604 F.3d 1221, 1230 (10th Cir. 2010).

Once a defendant-official has raised qualified immunity as a defense, the plaintiff must adequately allege that: "(1) the public official violated the plaintiff's constitutional rights; and (2) these rights were clearly established at the time of the alleged violation." *Big Cats of Serenity Springs, Inc.*, 843 F.3d at 864 (citation omitted). Courts may consider each factor in the "sequence [the court] deems best in light of the circumstances of the particular case." *Mink v. Knox*, 613 F.3d 995, 1000 n.4 (10th Cir.

---

[5] Plaintiff's objection is limited to the misapplication of the doctrine of qualified immunity to her due process claim; therefore, the Court assumes that the objection is restricted to the claim against Individual Defendants in their individual capacities.

13

2010). If, however, a plaintiff fails to adequately allege either element, a court must find that qualified immunity exists. *Kerns v. Bader*, 663 F.3d 1173, 1180 (10th Cir. 2011).

Courts apply "the same standard in evaluating dismissals in qualified immunity cases as to dismissals generally." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008) (quoting *Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1200 (10th Cir. 2007)). Therefore, Plaintiff's Amended Complaint must meet the pleading requirements from *Twombly*. *Id.* Moreover, and as discussed above, a court may consider documents outside the pleadings in considering a Rule 12(b)(6) motion to dismiss. *Jacobsen*, 287 F.3d at 941 (citation omitted).

2. <u>Analysis</u>

Plaintiff contends that the Individual Defendants violated her right to procedural due process in two ways: (1) by suspending her from MSU, and (2) by effectively dismissing her from MSU by preventing her from attending classes in the Department.[6] As explained below, the Court finds that Plaintiff has failed to allege a constitutional deprivation of her procedural due process right under either theory. Consequently, Defendants are entitled to qualified immunity on this claim.

Whether Defendants violated Plaintiff's rights depends on whether Plaintiff had a

---

[6] Plaintiff's Claim 5 is asserted against the Individual Defendants; however, in Claim 5 of her Amended Complaint, Plaintiff alleges that only Defendants Butler, Haden, and Kester violated her due process right. (Doc. # 22 at ¶¶ 121, 124, 125.) The Court addresses the allegations against Defendants Butler and Haden but does not address the allegation that Defendant Kester violated Plaintiff's due process right by not accepting her appeal of the final probation sanction because that sanction was only a *de minimis* deprivation of a protected right. *See Couture v. Bd. of Educ. of Albuquerque Pub. Schs.*, 535 F.3d 1243, 1257 (10th Cir. 2008) (explaining that *de minimis* deprivations of property rights in educational contexts do not require any procedural safeguards).

constitutionally protected interest and, if so, whether that interest was adequately protected by an appropriate level of process. *Koessel v. Sublette Cty. Sheriff's Dep't*, 717 F.3d 736, 748 (10th Cir. 2013) (citing *Montgomery v. City of Ardmore*, 365 F.3d 926, 936 (10th Cir. 2004)). Pursuant to *Goss v. Lopez*, Plaintiff has a constitutionally protected property interest in her education at MSU. 419 U.S. 565, 574–75 (1975). However, if the deprivation of the constitutionally protected right is no more than *de minimis* in scope, procedural safeguards are not required. *Couture v. Bd. of Educ. of Albuquerque Pub. Schs.*, 535 F.3d 1243, 1257 (10th Cir. 2008).

Plaintiff relies on *Goss* to support her allegation that the Individual Defendants violated her procedural due process rights. However, *Goss* established only that "students facing **suspension** and the consequent interference with a protected property interest must be given some kind of notice and afforded some kind of hearing." *Id.* at 579 (emphasis added). In this case, Plaintiff was not suspended. The documents attached to Defendants' Motion to Dismiss unequivocally show that although Defendant Haden initially imposed the sanction of suspension, he reduced the suspension to probation after Plaintiff's successful appeal.[7]

Recognizing that the ultimate sanction was not suspension, Plaintiff argues, but

---

[7] There is, therefore, a contradiction between what Defendant Haden's letter imposes as a final sanction—probation—and what Plaintiff alleges as the sanction—suspension. The Court need not accept as true an allegation by Plaintiff that is clearly contradicted by a document correctly attached to Defendant's Motion to Dismiss. *Jacobsen*, 287 F.3d at 941 (citation omitted). Indeed, the due process afforded Plaintiff is the kind of due process envisioned by the Supreme Court in *Goss*: Plaintiff was put on notice of suspension—both in person and in writing, and she had the opportunity to be heard—by way of several meetings and written appeal to MSU. Her appeal was granted, and her initial suspension was overturned and replaced with the lesser sanction of probation.

cites no legal authority to support her argument, that the final sanction of probation was more onerous than Defendant Haden's initial sanction of suspension. Probation allows Plaintiff to remain at MSU, whereas suspension would temporarily separate her from MSU and mean she could not engage in coursework. Plaintiff may be subject to more serious sanctions for violating the Student Code of Conduct while on probation, but she is not subject to additional regulations beyond those in the Student Code of Conduct. Therefore, the contention that probation is more onerous than suspension is conclusory; conclusory allegations absent factual support need not be accepted by the Court as true. *Iqbal*, 556 U.S. at 678; *Southern Disposal, Inc.*, 161 F.3d at 1262.

Plaintiff further alleges that Defendant Butler effectively dismissed her from MSU by prohibiting her from engaging in any Human Services coursework until she completed addiction treatment. Yet, Plaintiff never alleges that she attempted to engage, but was prevented from engaging, in coursework in the Department by Defendant Butler. *See* (Doc. # 22). Indeed, Plaintiff does not allege she ever attempted to return to campus or that she was prevented from doing so by any of the Individual Defendants. Plaintiff's Amended Complaint states that Defendant Butler "informed Defendant Haden that Plaintiff would not be permitted to engage in any Human Services coursework until [Plaintiff] completed treatment for addiction." (Doc. # 22 at ¶ 49.) However, this limitation on Plaintiff's coursework was a term of her initial suspension and was lifted when Plaintiff's suspension was reduced to probation. Therefore, there is a contradiction between Plaintiff's allegation that she was effectively dismissed from MSU and Defendant Haden's letter of October 17, which reduced the

sanction of suspension to probation. Accordingly, the allegation that Defendant Butler effectively dismissed Plaintiff from MSU need not be taken as a well-pleaded fact. *Jacobsen*, 287 F.3d at 941 (citation omitted).

Plaintiff has not adequately alleged a violation of a constitutionally protected right under either of the theories discussed above. Consequently, there is no need to consider the adequacy of the due process she was afforded, *Couture*, 535 F.3d at 1257,[8] or whether her rights were clearly established at the time of the alleged violation, *see Big Cats of Serenity Springs, Inc.*, 843 F.3d at 864 (citation omitted). Individual Defendants are entitled to qualified immunity on this claim. Accordingly, the Court affirms Judge Wang's conclusion that Plaintiff failed to adequately allege facts to overcome Individual Defendants' qualified immunity.

## C. DISMISSAL OF CLAIM 6—INJUNCTIVE RELIEF

Plaintiff premises her claim for injunctive relief on violations of the ADA, RA, and 42 U.S.C. § 1983. Given Plaintiff's failure to adequately plead viable claims under those causes of action, and the Court's dismissal of those claims as set forth above, there is no basis for a claim for injunctive relief. The Court therefore affirms Judge Wang's conclusion that Plaintiff's claim for injunctive relief must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that Plaintiff's Objections to the

---

[8] Although the Court does not address this issue with particularity, the Amended Complaint makes clear that Plaintiff was given ample notice and opportunity to be heard: a first written notice to her on September 1, a first meeting between parties on September 5, a second meeting on September 7, a third meeting and written notice on September 12, a successful appeal in October followed by written notice of the appeal's outcome, and an unsuccessful subsequent request for appeal.

Recommendation (Doc. # 28) are OVERRULED and that the Recommendation of Magistrate Judge Wang (Doc. # 28) is AFFIRMED AND ADOPTED as an Order of this Court. Accordingly, it is

FURTHER ORDERED that Defendants' Motion to Dismiss is GRANTED as follows: Plaintiff's Claims 1, 2, 5, and 6 are DISMISSED WITH PREJUDICE for failure to state a claim,[9] and Plaintiff's Claims 3 and 4 are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The Clerk of Court is directed to close this case.

DATED: July 1, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

[9] The Court dismisses Claims 1, 2, 5, and 6 with prejudice because further amendment of the complaint would be futile. *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190–91 (10th Cir. 2014). It is impossible for amendment of the complaint to meaningfully change the contradictions that exist between the alleged facts and the documents Defendants attached to their Motion to Dismiss.